```
              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF KENTUCKY
                CENTRAL DIVISION at LEXINGTON
```

CENTER FOR BIOLOGICAL            )
DIVERSITY, et al.,               )
                                 ) Civil Action No. 5:08-292-JMH
    Plaintiffs,                  )
                                 )
v.                               )
                                 )
                                 ) **MEMORANDUM OPINION AND ORDER**
RURAL UTILITIES SERVICE,         )
                                 )
    Defendant.                   )
                                 )

                    **      **      **      **      **

This matter is before the Court on East Kentucky Power Cooperative, Inc.'s ("EKPC") motion to intervene [Record No. 22] and an amended memorandum in support thereof [Record No. 51]. The time for responses to the amended memorandum in support having passed and none having been filed, this matter is now ripe for review.

### INTRODUCTION

Originally filed in the Northern District of California, this matter was transferred to this Court on July 1, 2008 [RN 41]. During the pendency of the matter in the Northern District of California, EKPC filed a motion to intervene as a party defendant, pursuant to Fed. R. Civ. P. 24 [RN 22]. Plaintiffs responded [RN 37] and EKPC replied [RN 38].[1] Upon transfer of the matter to this Court, EKPC moved for leave [RN 44] to file an amended memorandum in support of its motion to

---

[1] The parties briefed the issue of intervention under the law of the Ninth Circuit.

intervene. As the issue of intervention was originally briefed when the matter was pending in the Northern District of California, the Court granted EKPC's request for leave so that the issue of intervention could be briefed under controlling Sixth Circuit case law. In the Order granting EKPC's motion for leave, the Court indicated that the time for filing responses and replies to the amended memorandum would be controlled by Local Rule 7.1 [RN 50]. No responses were filed. Accordingly, the Court concludes that any arguments in opposition to EKPC's amended memorandum in support of its motion to intervene have been waived. *See Humphrey v. U.S. Attorney Gen. Office*, No. 07-3740, 2008 WL 2080512 (6th Cir. May 15, 2008).

## BACKGROUND

Plaintiffs, the Center for Biological Diversity, Kentucky Environmental Foundation and Sierra Club (collectively, the "Plaintiffs"), filed this action against the Rural Utilities Service ("RUS") alleging that RUS violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.,* and its implementing regulations, 40 C.F.R. parts 1500-1508, in the preparation and issuance of an Environmental Assessment ("EA") and Finding of No Significant Impact ("FONSI") for EKPC's request for financing assistance from RUS for a proposed electric generation and transmission project in Kentucky.

EKPC is a non-profit electric cooperative headquartered in Winchester, Kentucky. Through 16 locally-based distribution cooperatives, EKPC provides electric power to 87 counties throughout

central and eastern Kentucky. Organized as an electric cooperative under Chapter 279 of the Kentucky Revised Statutes, EKPC is required to provide adequate electric service to all members of the public located within the certified service territories of its distribution cooperatives. RUS is the agency that administers the United States Department of Agriculture's Rural Development Programs. Plaintiffs' complaint seeks a declaration that RUS failed to comply with the NEPA and an injunction preventing RUS from undertaking activities to support the Project until RUS has complied with the NEPA and the Administrative Procedure Act, 5 U.S.C. §§ 551 *et seq.*

EKPC sought funding from RUS for the installation and construction of two new gas-fired combustion turbine electric generating units at EKPC's J.K. Smith Electric Generating Station ("Smith Station"), two new electric switching stations, and a 36-mile, 345 kilovolt electric transmission line extending from the Smith Station through Clark, Madison, and Garrard Counties in Kentucky (the "Project"). EKPC finds the Project necessary to meet the projected electrical peaking demand which is expected to occur in 2009-2011. In June 2007, RUS published notice of the EA prepared pursuant to the NEPA in conjunction with EKPC's request for financial assistance with the Project. After receiving public comments on the EA, RUS published a FONSI related to the Project.

EKPC contends that timely construction and operation of the Project is essential for EKPC to satisfy its statutory obligations to the public

and to meet the growth in electrical demand which is expected to peak in 2009-2011. Concluding that any delay in the construction of the components of the Project "will result in substantial contractual penalties and inhibit EKPC from more efficiently and economically dispatching its generation units", the Kentucky Public Service Commission confirmed the public necessity of the Project.

EKPC argues that it should be allowed to intervene as a party defendant in this action because the relief sought by Plaintiffs would "have a direct and potentially devastating impact on the ability of EKPC to meet the demonstrated electric power needs of its customers in a timely and cost-effective manner," resulting in possible "electrical brownouts and extended electrical outages for electric consumers within EKPC's service area, in violation of EKPC's statutory duties."

**ANALYSIS**

Fed. R. Civ. P. 24 provides that a party may intervene as a matter of right when it "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). EKPC contends, and this Court agrees, that EKPC is entitled, as a matter of right, to intervene as a party defendant in this action.

The law of this Circuit establishes four elements which must be satisfied before intervention as of right will be granted pursuant to

Fed. R. Civ. P. 24(a): "(1) timeliness of the application to intervene, (2) the applicant's substantial legal interest in the case, (3) impairment of the applicant's ability to protect that interest in the absence of intervention, and (4) inadequate representation of that interest by parties already before the court." *Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy*, 6 F.3d 389, 395 (6th Cir. 1993)).

EKPC's motion to intervene was timely. The complaint was filed on March 3, 2008. RUS filed its answer on May 2, 2008. On May 7, 2008, RUS filed an amended motion to transfer the action to the United States District Court for the District of Columbia or, alternatively, to this Court. On May 30, 2008, EKPC filed its motion to intervene seeking to protect its interest in the matter - the validity of RUS's decision to grant funding to the Project. EKPC's motion to intervene was filed shortly after RUS's answer and no party has argued that it will be prejudiced by EKPC's intervention in this action. EKPC is prepared to promptly join these proceedings and be bound by any substantive or procedural order issued prior to an order granting intervention. Accordingly, EKPC's motion to intervene was timely and no party will be prejudiced by EKPC's intervention in this matter.

Given that "[t]his circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right," *Miller*, 103 F.3d at 1245, it is clear that EKPC has a substantial legal interest in this case. EKPC has a statutory obligation to provide electric power

to those individuals and businesses within its territory. It sought financial assistance from RUS in meeting this obligation and completing the Project. If RUS's funding of the Project is found invalid, as Plaintiffs contend, EKPC's interest in the Project will be substantially affected by RUS's inability to provide funding to the Project.

To satisfy the impairment element of the intervention test, "a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Miller*, 103 F.3d at 1247 (citing *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991)). "This burden is minimal." *Id.* If it is ultimately determined that RUS failed to comply with the NEPA and RUS is unable to provide financial assistance to the Project, EKPC's ability to satisfy its statutory obligations may be compromised. EKPC must be allowed to intervene in this action to protect its interest.

"Although a would-be intervenor is said to shoulder the burden with respect to establishing that its interest is not adequately protected by the existing parties to the action, this burden is minimal because it is sufficient that the movant prove that representation *may* be inadequate." *Miller*, 103 F.3d at 1247 (emphasis added). To satisfy this element, "it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Miller*, 103 F.3d at 1247 (citing *Forest Conservation Council v. United States Forest Serv.*, 66 F.3d 1489, 1498-99 (9th Cir. 1995)). EKPC's interests may not be adequately represented by RUS. While RUS's

6

obligation is to uphold the administration of the USDA Rural Development program, EKPC's obligation is to provide electrical service to residents of central and eastern Kentucky. RUS may not adequately protect EKPC's interests and EKPC is entitled to intervene in this action.

CONCLUSION

As discussed, *supra*, EKPC is permitted, as a matter of right, to intervene in this action. Accordingly, **IT IS ORDERED** that EKPC's motion to intervene [Record No. 22] be, and the same hereby is, **GRANTED.**

This the 10th day of September, 2008.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge