```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

```
CENTER FOR BIOLOGICAL           )
DIVERSITY, et al.,              )
                                )  Civil Action No. 5:08-292-JMH
     Plaintiffs,                )
                                )
v.                              )
                                )
                                )  MEMORANDUM OPINION AND ORDER
RURAL UTILITIES SERVICE,        )
                                )
     Defendant,                 )
                                )
and                             )
                                )
EAST KENTUCKY POWER             )
COOPERATIVE, INC.,              )
                                )
     Intervenor-Defendant.      )
```

                    **          **          **          **          **

This matter comes before the Court on the parties' cross Motions for Summary Judgment [Record Nos. 99, 100, and 102]. This matter is now fully briefed and ripe for a decision. For the reasons stated herein, the Court finds that this case is moot.

**I. BACKGROUND**

The administrative record in this case encompasses over 2000 pages. Because the Court is dismissing this case on the grounds of mootness, the Court will provide only a brief description of the necessary facts leading to the dispute in this case.

Intervenor-Defendant East Kentucky Power Cooperative, Inc. (hereinafter, "EKPC") is an electric and transmission cooperative in central and eastern Kentucky. In 2007, EKPC identified the need to provide additional "peaking capacity" power, the power used

during the hottest part of the summer and coldest part of the winter, for its consumers by 2009. EKPC also found that it would need increased "baseload" power (the power that is consistently used under typical conditions) by 2011.

Defendant Rural Utilities Service [hereinafter, "RUS"] is an agency that administers the Department of Agriculture's Rural Development Programs for new electricity facilities. EKPC requested funds from RUS in order to build two combustion turbine (CT) units at the J.K. Smith Electric Generating Station in Clark County, Kentucky (hereinafter, the "Smith site"); approximately thirty-six miles of electric transmission line and related facilities in Garrard, Madison, and Clark Counties, Kentucky; a switching station in Garrard County, Kentucky; and an upgraded switching station at the Smith site (collectively referred to hereinafter as the "first project"). EKPC anticipates that these facilities and transmission lines will remedy the "peaking capacity" power shortfall it would otherwise face without them.

EKPC is also planning to add two new circulating fluidized bed (CFB)electric generating units to the Smith site to address the need for additional baseload power in 2011 (the "second project"). Defendants have applied to RUS for financing assistance for the first CFB to be constructed at the Smith site (known as "Smith #1 CFB"). The second CFB project is not expected to materialize for at least eight years, has not been formally proposed, and EKPC has not applied for financing for this project. The Smith #1 CFB

project will likely not begin operating until 2013.  The Smith #1 CFB has not yet been finally approved or funded.

RUS considered the environmental effects of the CT units, the switching stations, and transmission lines as one project in the Environmental Assessment ("EA") required under the National Environmental Policy Act ("NEPA").  The EA identified the one proposed CFB unit as a "reasonably foreseeable action" which could impact the cumulative environmental effects of the project.  In the EA, RUS made a Finding of No Significant Impact ("FONSI") and concluded that an Environmental Impact Statement (EIS) was not necessary.  The Smith #1 CFB is currently in the process of gaining financing and approval from RUS, and RUS is preparing a separate EIS for that project.

Essentially, the crux of this litigation is that Plaintiffs and Defendants disagree about how these projects (the transmission lines, switching stations, CT units, and CFB units) should be categorized for purposes of complying with the requirements of the NEPA.  It is undisputed that the transmission lines and switching stations will serve both the CT units and the CFB units (if and when they are built).  Plaintiffs argue that because the transmission lines and switching stations will service both the CT units and the CFB units, the CFB units should have been included in the EA for the first project, which would have necessitated the issuance of an EIS.  Specifically, Plaintiffs claim that RUS violated NEPA by impermissibly segmenting the two projects, by

failing to adequately disclose and analyze the cumulative effects of the two projects together, and by not preparing an EIS for the first project. Plaintiff filed the instant Complaint seeking both declaratory and injunctive relief.

RUS attached to their Motion for Summary Judgment a declaration of John R. Twitchell, Senior Vice President of Generation and Transmission Operations for EKPC, in which Mr. Twitchell stated that as of April 30, 2009 a substantial portion of the construction of the first project had been completed. Mr. Twitchell stated that as of that date, over 90% of the construction access roads had been cleared and constructed; 90% of the transmission line support structures had been set in place; and 35% of the transmission lines had been strung. Mr. Twitchell further declared that both switching stations were set to be completed by June 2009. The CT units are expected to be completed by mid-November 2009. Finally, Mr. Twitchell projected that all construction would be complete and all lines and facilities would be operational by December 1, 2009.

## II. DISCUSSION

**(A) The matter is moot because the Court cannot offer Plaintiffs any relief.**

"A federal court has no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue." *Cleveland Branch, N.A.A.C.P. v. City of Parma, OH*, 263 F.3d 513, 530-531 (6th Cir. 2001) (quoting *Church of*

*Scientology v. United States,* 506 U.S. 9, 12,(1992)).  "The test for mootness is whether the relief sought would, if granted, make a difference to the legal interests of the parties." *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997). Plaintiffs' primary legal interest in this case is in obtaining an injunction against Defendant until Defendant "complies with NEPA and APA." [Compl. ¶ 5] For Plaintiff, this presumably means that the Court would enjoin EKPC from further construction activities and RUS from further funds distributions unless and until RUS considers the transmission lines, switching stations, and CFB units as one project and issues an EIS to that effect.

The Court finds that this legal interest is currently nonexistent due to the fact that the project has been substantially completed. Plaintiffs admitted that they were not seeking to enjoin the construction of the CT units, only the construction of the transmission lines, support structures, and switching stations. [Plaintiffs' Br. at 2] These portions of the project were expected to be finished by early fall 2009. [Twitchell Decl. ¶ 7]. The Court is aware that "'completion of activity is not a hallmark of mootness' [, but] [r]ather, 'a case is moot only where no effective relief for the alleged violation can be given.'" *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp.2d 785, 790 (M.D. Tenn. 2009) (citing *Coal. for Gov't Procurement v. Federal Prison Industries, Inc.*, 365 F.3d 435, 458 (6th Cir. 2004)). "[C]ompletion of a project does not necessarily moot a plaintiff''s claim for

declaratory relief and ... federal courts may fashion declaratory and equitable remedies to provide relief to the aggrieved party." *Id*. at 791.

In this case, however, Plaintiff has not suggested any alternatives to enjoining construction of the transmission lines and switching stations. Even if the Court was inclined to provide such relief (and the Court does not reach a decision on that issue here), the Court is "not in a position to prevent what has already occurred." *Romulus v. County of Wayne*, 634 F.2d 347, 348 (6th Cir. 1980). The Court will not enjoin the construction of the transmission lines and switching stations because they are complete or nearly complete.

Other courts have "fashion[ed] declaratory and equitable remedies to provide relief to the aggrieved party" when the harm the Plaintiffs complained of was continuing, even if part of the harm was complete. *Buck Mountain Cmty. Org.*, 629 F.Supp.2d at 790; *Id*. at n.4 (citing a line of cases holding "that the completion of a project does not moot a plaintiff's NEPA claims" when there was on-going harm, which could be remedied through judicial action.) Here, Plaintiffs did not describe any continuing alleged harm that they will suffer after the completion of the first project. Plaintiffs' alleged harm is primarily that RUS violated NEPA by not properly considering the first and second projects together. However, because the first project is nearly complete, it would be nonsensical for RUS to issue an EIS considering the transmission

lines, switching stations, and proposed CFB unit together. The effects of the construction of the transmission lines and switching stations have already transpired. RUS is considering the effects of the CFB unit in a separate EIS. The Court cannot fashion a remedy at this late stage that will add the already-incurred financial and environmental costs of the first project to the proposed financial and environmental costs of the second project in one EIS.

Plaintiffs cannot demonstrate that the "capable of repetition yet evading review" exception to the mootness doctrine applies in this case. That exception "requires not only that the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, but also that there was a reasonable expectation that the *same* complaining party would be subjected to the same action again." *Sandison v. Mich. High Sch. Athletic Ass'n, Inc.*, 64 F.3d 1026, 1030 (6th Cir. 1995) (internal quotations and citations omitted). Plaintiffs have not argued that this exception applies, and because the burden is on the party claiming the exception, the exception does not apply in this case. *Lawrence v. Blackwell*, 430 F.3d 368, 371 (6th Cir. 2005).

**(B) Plaintiffs failed to address mootness argument, thereby waiving objection to it.**

Plaintiffs chose not to address EKPC's mootness argument in their Response [Record No. 101] to EKPC's Motion for Summary

Judgment.[1]  When a party fails to respond to a motion or argument therein, the Sixth Circuit has held that the lack of response is grounds for the district court to assume opposition to the motion is waived, and grant the motion.  *Humphrey v. U.S. Attorney General's Office,* 279 Fed.Appx. 328, 331, 2008 WL 2080512, 3 (6th Cir. 2008); *See Resnick v. Patton,* 258 Fed.Appx. 789, 790-91, n. 1 (6th Cir. 2007); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989) (unpublished table decision). Plaintiffs offer no opposition to Defendants' claim of mootness in their response.  The Court can only assume that Plaintiffs concede on this issue and therefore agree that the case is moot.

Accordingly, **IT IS ORDERED**:

(1) that Plaintiffs' Motion for Summary Judgment [Record No. 99] be, and the same hereby is, **DENIED**;

(2) that Defendant Rural Utilities Service's Cross Motion for Summary Judgment [Record No. 102] be, and the same hereby is, **GRANTED**; and

(3) that Defendant-Intervenor East Kentucky Power Cooperative, Inc.'s Motion for Summary Judgment [Record No. 100] be, and the same hereby is, **GRANTED**.

---

[1] The Court is puzzled by this lack of response, due to the fact at least one of the plaintiffs in this case has been before the Sixth Circuit in a very similar case, which was dismissed on mootness grounds.  *Sierra Club v. U.S. Dept. of Agriculture Rural Utilities Service*, 234 F.3d 1269, No. 99-5515, 2000 WL 1679473, at *3 and n.1 (6th Cir. 2000).  This furthers the Court's opinion that Plaintiffs had no opposition to EKPC's claim of mootness.

This the 2nd day of October, 2009.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge